# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JOHN NEW, and <br> BETH NEW, <br>     Plaintiffs, <br> v. <br> BORG-WARNER CORPORATION, et. al., <br>     Defendants. | No. 13-00675-CV-W-DGK |

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

This case involves claims of asbestos exposure. Plaintiffs John and Beth New claim that John New contracted lung cancer after being exposed to asbestos while working at various automobile parts and repair businesses throughout Kansas and Missouri. Plaintiff filed a four-count lawsuit in Jackson County, Missouri state court, against the various defendants that supplied the products that allegedly caused his injuries. Defendant Ford Motor Company removed the case to this Court, alleging diversity jurisdiction (Doc. 1).

Now before the Court is Defendant Hennessy Industries' ("Hennessy") motion for summary judgment (Doc. 33). For the reasons discussed below, Hennessy's motion is DENIED WITHOUT PREJUDICE.

**Procedural Background**

Only the following procedural facts are relevant for purposes of this order. On November 13, 2013, Hennessy moved for summary judgment, arguing that under Missouri law it was entitled to judgment as a matter of law. Plaintiffs opposed the motion, contending that under Missouri law a genuine dispute of material fact remained. Subsequently, Defendant Federal-Mogul Asbestos Personal Injury Trust ("Federal-Mogul") moved for summary judgment,

contending that Kansas law applied and under Kansas law it was entitled to judgment as a matter of law. Plaintiffs failed to respond to Federal-Mogul's arguments.

The Court then requested supplemental briefing because Federal-Mogul argued for the application of Kansas law, while Hennessy and Plaintiffs just assumed that Missouri law applied to this dispute. The Court directed Hennessy and Plaintiffs to file separate supplemental briefs that responded to Federal-Mogul's arguments and supported their assumption that Missouri law applied. The Court also requested Federal-Mogul to submit a reply brief after Hennessy and Plaintiffs filed their briefs. After entry of the order, Plaintiffs and Federal-Mogul stipulated to Federal-Mogul's dismissal without prejudice.

Shortly thereafter, both Hennessy and Plaintiffs filed their supplemental briefs (Docs. 116, 118). Hennessy's brief consists of two-and-a-half pages of choice-of-law analysis supporting the application of Missouri law, with the remaining eleven pages dedicated to arguing that it is also entitled to summary judgment under Kansas law. In its brief choice-of-law analysis, Hennessy contends that a conflict exists between Missouri and Kansas law, but under Missouri choice-of-law principles, Missouri law still applies. Plaintiffs, however, contend that a choice-of-law analysis is unnecessary because there is no outcome-determinative conflict between Missouri and Kansas law, and even assuming one exists, Missouri choice-of-law principles require application of Missouri law.

**Discussion**

On the current record, the Court cannot effectively decide Hennessy's motion for summary judgment. First, the parties' supplemental briefing lacks sufficient legal authority and argument for the Court to effectively determine: (1) whether an outcome-determinative conflict exists between Missouri and Kansas law on the various liability issues raised in Hennessy's

2

motion; and (2) if a conflict exists, how Missouri courts would apply its choice-of-law principles to determine what state has the "most significant relationship" to this asbestos-related personal injury suit. The parties only make general citation to overarching principles from Missouri caselaw without providing any discussion of, let alone citation to, factually analogous cases supporting their positions. For example, on the issue of whether a conflict exists, neither party provides more than a paragraph discussion supporting their opposing positions. Likewise, in their "most significant relationship" analysis, the parties just generally cite to the Restatement factors without discussing any Restatement comments or caselaw on how those factors are to be applied in this type of case. These issues are somewhat complex and nuanced, thus requiring more in-depth legal analysis. *See, e.g.*, *Bootenhoff v. Hormel Foods Corp.*, No. 11-1368, 2014 WL 3744011, at *3-6 (W.D. Okla. July 30, 2014) (conducting a searching choice-of-law analysis in an asbestos-related personal injury suit).

If Hennessy and Plaintiffs were the only two parties in this suit, then the Court would have little hesitation in applying Missouri law, assuming it is constitutionally permissible to do so. *See Wood v. Mid-Valley Inc.*, 942 F.2d 425, 426-27 (7th Cir. 1991) (noting that courts should avoid raising tricky choice-of-law issues in cases where the parties agree that one state's law should apply). There are, however, numerous other defendants involved in this suit that could be impacted by the Court's choice-of-law analysis.[1] *Gregory v. Beazer East*, 892 N.E.2d 563, 578-85 (Ill. App. Ct. 2008) (applying Indiana law to all liability issues in multiple defendant asbestos case). Given the importance of this decision, the Court requires more thorough and legally

---

[1] In its supplemental brief, Plaintiffs argue that no defendant besides Federal-Mogul raised the potential choice-of-law issue. By this argument, Plaintiffs seem to insinuate that the other defendants are amenable to the application of Missouri law. This is not necessarily the case. Under the scheduling order, dispositive motions are not due until March 9, 2015. Until that time, the remaining defendants have abundant time to file dispositive motions, including summary judgment motions supporting the application of Kansas law. Thus, the Court cannot conclude that the other defendants' silence on this issue approximately six months before the dispositive motion deadline is an indication that they acquiesce to the application of Missouri law.

supported discussion from Hennessy and Plaintiffs before ruling upon the merits of Hennessy's motion. Of course, in doing so, the parties should primarily rely upon authority from Missouri courts or courts interpreting Missouri law, but it may also be necessary to include persuasive, on-point authority from other jurisdictions.

Second, instead of solely addressing the Court's posed inquiry, Hennessy used its supplemental brief to expand its summary judgment argument by contending that it is also entitled to summary judgment under Kansas law. Raising this argument for the first time in the supplemental brief denied Plaintiffs the opportunity to respond to this new basis for summary judgment. If Hennessy now desires to include this as an alternative basis for summary judgment, Plaintiffs must have the opportunity to respond.

Considering these significant problems and the unique manner in which they arose, the best course of action is to deny the summary judgment motion without prejudice and allow Hennessy to refile. This will afford the parties sufficient time to more thoroughly research and analyze the potential choice-of-law issue, while also providing Plaintiffs the opportunity to respond to arguments advanced in Hennessy's most recent filing. If Hennessy decides to resubmit a motion for summary judgment, it must do so in accordance with the scheduling order deadlines.[2]

## Conclusion

For these reasons, Hennessy's motion (Doc. 33) is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Date: September 12, 2014   /s/ Greg Kays
                           GREG KAYS, CHIEF JUDGE
                           UNITED STATES DISTRICT COURT

---

[2] If Hennessy later concludes that there is no outcome-determinative conflict and it still wishes to move for summary judgment, it must provide the Court with analysis under both Missouri and Kansas law.

4