IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JOHN NEW, and ) | | |
| BETH NEW, ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | No. 13-00675-CV-W-DGK | |
| ) | | |
| BORG-WARNER CORPORATION, et al., ) | | |
| ) | | |
| Defendants. ) | | |

## ORDER GRANTING MOTION TO DISMISS

This case involves asbestos-related injuries. Plaintiffs John and Beth New claim that John New contracted lung cancer after being exposed to asbestos while working at various automobile part and repair businesses. Plaintiffs[1] filed a four-count lawsuit in Missouri state court against the various defendants that supplied the products that allegedly caused his injuries. Defendant Ford Motor Company removed the case to this Court, alleging diversity jurisdiction (Doc. 1).

Now before the Court is Defendant Navistar Inc.'s ("Navistar")[2] motion to dismiss for insufficient service of process (Doc. 82). Finding that Plaintiffs failed to serve Navistar within the 120-day time limit imposed under Federal Rule of Civil Procedure 4(m) and that they have failed to show either "good cause" or "excusable neglect" for their untimely service, the Court GRANTS Navistar's motion.

---

[1] Throughout this Order, the term "Plaintiffs" refers to not only John and Beth New but also their primary counsel.

[2] Navistar is referred to as International Truck & Engine Corporation in the amended complaint and docket sheet. Although neither party explicitly discusses why it is ascribed this name, the Court assumes that International Truck & Engine Corporation was Navistar's predecessor corporation.

## Procedural Background

Only the following procedural facts are relevant for purposes of this order. In December 2011, John New was diagnosed with inoperable lung cancer. As a longtime automobile part clerk and automobile repair mechanic, he suspected that his disease might have arisen from his potential exposure to asbestos-containing products in these positions. He enlisted the assistance of counsel.

On May 31, 2012, Plaintiffs filed a lawsuit against various manufacturers of products that John New repeatedly encountered during his career. Navistar was among the litany of defendants named in the initial complaint. Less than a month after filing their complaint in state court, Plaintiffs retained Sentinel Private Investigations & Nationwide Process Service ("Sentinel") to serve all defendants named in the action. On August 9, 2012, Sentinel employee Scott McKenna ("McKenna") informed Plaintiffs that he properly served all defendants prior to July 17, 2012. Despite McKenna's assurances of service, Plaintiffs never received proofs of service for a number of defendants, including Navistar. From early August 2012 until December 2012, Plaintiffs sent numerous emails to McKenna requesting the missing proofs of service, but McKenna never provided them.

McKenna's failures led Plaintiffs to request alias summonses from the state court in late February 2013. The state court clerk's office informed Plaintiffs that it must enlist a local counsel licensed in Missouri to request summonses. In March 2013, Plaintiffs enlisted the services of local counsel ("Local Counsel") to procure the alias summonses. Local Counsel failed to request the summonses, but Plaintiffs never followed up with them.

On June 10, 2013, Plaintiffs filed an amended complaint that again named Navistar as a Defendant in the action. On July 10, 2013, Defendant Ford Motor Company removed to this

2

Case 4:13-cv-00675-DGK   Document 121   Filed 10/03/14   Page 2 of 7

Court.  After removal, numerous defendants named in the lawsuit entered an appearance and began litigating, but Navistar and other defendants did not.  The latter's inactivity prompted the Court to request a status report from Plaintiffs on November 19, 2013, on whether Plaintiffs properly served the unrepresented defendants.  Plaintiffs responded with a short letter stating, among other things, that it did not possess a proof of service for Navistar.  Finding this status report insufficient, the Court requested a second status report with the dates of service upon all defendants.  In response, Plaintiffs filed a report stating that it never served Navistar in state or federal court, but Plaintiffs provided no explanation for its failure to do so.

On February 27, 2014, a summons was issued for Navistar and other unrepresented defendants.  The following day the Court dismissed Navistar without prejudice, holding that notwithstanding the issuance of summons, Plaintiffs failed to serve Navistar within the allotted time and failed to demonstrate good cause for the lack of service.  Plaintiffs completed service upon Navistar on March 4, 2014, and Navistar then entered an appearance in the case requesting an extension to file an answer.  The Court then withdrew the dismissal of Navistar and allowed it to file an answer out of time.  On the same day it filed its answer, Navistar also filed the instant motion requesting dismissal based upon Plaintiffs' untimely service.

**Standard**

A motion under Rule 12(b)(5) challenges the sufficiency of service of process on the movant.  Fed. R. Civ. P. 12(b)(5).  Once a movant raises a plausible challenge to service of process, the plaintiff shoulders the ultimate burden of making a prima facie showing that service complied with the governing law.  *See Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A.*, 51 F.3d 1383, 1387 (8th Cir. 1995).  Where, as here, a plaintiff attempts to serve a defendant for the first time following removal to federal court, federal

3

procedural law governs the sufficiency of service. *Norsyn, Inc. v. Desai*, 351 F.3d 825, 829 n.4 (8th Cir. 2003) (citing Fed. R. Civ. P. 81(c); 28 U.S.C. § 1448). Thus, for purposes of this motion, Plaintiffs must demonstrate that their service upon Navistar comports with the Federal Rules of Civil Procedure.

## Discussion

Navistar solely challenges the timeliness of service. Under the Federal Rules of Civil Procedure, a plaintiff has 120 days from the date of removal to serve a previously unserved defendant. *See* Fed. R. Civ. P. 4(m) (requiring a plaintiff to serve a defendant within 120 days of filing an action in federal court); *Cardenas v. City of Chicago*, 646 F.3d 1001, 1004 (7th Cir. 2011) (holding that the 120-day period under Rule 4(m) also applies to cases in which the defendant removed to federal court). If the plaintiff fails to serve the defendant within the 120-day period but demonstrates "good cause" for his failure, then the district must grant the plaintiff a reasonable extension to effect service. *Kurka v. Iowa Cnty., Iowa*, 628 F.3d 953, 957 (8th Cir. 2010). If the plaintiff fails to demonstrate "good cause," then the district court may still grant an extension if the plaintiff at least demonstrates "excusable neglect" for his failure. *Id.*

### A. Plaintiffs fail to demonstrate that good cause exists for their untimely service on Navistar.

Plaintiffs agree they served Navistar outside the 120-day period, but they request the Court excuse their error because good cause exists for their lack of diligence. According to Plaintiffs, Sentinel's failure to serve Navistar and its concealment of this fact should excuse Plaintiffs' failure to serve Navistar in state court from the commencement of the action until December 2012. As for its continued failure to serve between early 2013 and the dismissal of Navistar in this Court in February 2014, Plaintiffs generally attribute fault to Local Counsel, but provide no specific basis for their theory.

4

Good cause is an amorphous standard that is not amenable to a conclusive definition. *See Kurka*, 628 F.3d at 958. For this reason, courts have hesitated to formulate a definitive rule or set of factors that applies in every case. *See id.* Rather, the courts have articulated overarching principles such as defining the good cause standard as requiring a showing that the plaintiff acted in "'good faith and [had] some reasonable basis for noncompliance with the rules.'" *Id.* at 957 (quoting *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996)). Whether the facts of a particular case satisfy this standard is left to the sound discretion of the district court. *Id.*

Plaintiffs' good cause argument presents some facial appeal. Generally, courts find good cause where the failure to serve arose from a third party's actions or inactions. *Id.* at 957. Plaintiffs present some evidence supporting the theory that third-party Sentinel contributed to their failure to serve Navistar. The email correspondence between Sentinel and Plaintiffs shows that Sentinel repeatedly misstated that it properly served Navistar, and that Plaintiffs continually contacted Sentinel about the ongoing lack of service. Such repeated requests demonstrate at least an initial diligence in attempting to serve Navistar in state court.

But the hindrances Plaintiffs encountered in state court cannot supply good cause for their failure to serve in federal court. And Plaintiffs proffer no viable basis for their idleness in this forum.[3] This case proceeded here for more than four months before Plaintiffs even became aware of the continued service failures, and notice of the issue came from this Court's request for a status report, not from their own investigation. Despite this notice and a second court order, Plaintiffs still failed to explain the reasons for delay or even request an extension to serve.

---

[3] To the extent that Plaintiffs generally contend that Local Counsel's failure to serve in state court constitutes good cause, the Court finds this argument unpersuasive for two reasons. First, and foremost, Plaintiffs concede that the actions or inactions of Local Counsel are directly imputable to them. Second, even assuming this was not the case, Local Counsel's alleged failures occurred in state, not federal court. *Cf. Cardenas*, 646 F.3d at 1004 (noting that the Rule 4(m) time period begins to run after removal if the defendant was not previously served in state court).

5

Considering this continued record of neglect, the Court cannot find good cause for Plaintiffs' repeated failure to serve Navistar until March 4, 2014, nearly seven months after removal and long past the Rule 4(m) deadline.

> **B. Plaintiffs fail to show excusable neglect, thus the Court declines to extend the period for service.**

As noted above, however, Plaintiffs may still receive an extension by showing excusable neglect. *Kurka*, 628 F.3d at 959. This equitable doctrine allows the Court to relieve a party from untimely service for "inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id.* (quoting *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010)). To determine whether a party's error is excusable, the Court considers: "(1) the possibility of prejudice to the defendant, (2) the length of delay and potential impact on judicial proceedings, (3) the reasons for the delay, including whether the delay was within the party's reasonable control, and (4) whether the party acted in good faith." *Id.* Although not dispositive, the reason for the delay factor garners the most weight in the Court's analysis. *Id.*

Here, the factors weigh against finding excusable neglect. First, and most importantly, the reason for the delay in service, at least in federal court, was squarely within Plaintiffs' control. Once Defendant Ford Motor Company removed this case, Plaintiffs should have investigated the service issues. They did not. At this point, no third party hindered the service; Plaintiffs just neglected their Rule 4(m) duties. Second, Plaintiffs' delay also prejudiced Navistar by not informing them of the action until more than six months after removal. During this period, the served and participating parties formed a scheduling order and conducted initial discovery. Third, the delay was quite lengthy: a twenty-one-month delay from the initial commencement in state court and a nearly seven-month delay in federal court alone. And if the

6

Court allowed Navistar to enter the fray at this point, it would require amending the scheduling order to allow extended discovery periods, thus extending this already lengthy case.  Finally, the Court cannot find that Plaintiffs acted in good faith given their repeated failure to serve or request an extension to serve.  As Plaintiffs fail to satisfy the excusable neglect standard, the Court declines to extend the time period for service.

## Conclusion

Because Plaintiffs failed to comply with Rule 4(m) without evidence of good cause or excusable neglect, the Court GRANTS Navistar's motion to dismiss (Doc. 82).  Upon further review of the record, the Court will allow Plaintiffs to provide any additional arguments—aside from those proffered herein—explaining their reasons for failing to serve any of the other Defendants dismissed in the Court's February 28, 2014, order (Doc. 56).  If Plaintiffs choose to do so, they must file any motions requesting reconsideration within fourteen (14) days of this Order's entry.

**IT IS SO ORDERED.**

Date:  October 3, 2014 /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT