IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JOHN NEW and | ) | |
| BETH NEW, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 13-00675-CV-W-DGK |
| | ) | |
| BORG-WARNER CORPORATION, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING IN PART CATERPILLAR'S MOTION TO APPLY KANSAS LAW AND MOTION FOR SUMMARY JUDGMENT

This case involves claims of asbestos exposure. Plaintiffs John and Beth New allege that John New ("Mr. New") contracted lung cancer after being exposed to asbestos while working at various businesses in Kansas and Missouri. Plaintiffs filed a lawsuit in Jackson County, Missouri, against the defendants that manufactured the offending products. Defendant Ford Motor Company removed the case to this Court.

Now before the Court are Defendant Caterpillar Incorporated's ("Caterpillar") motion to apply Kansas law (Doc. 146) and motion for summary judgment (Doc. 144). Finding that Missouri possesses the most significant relationship to the claims between Plaintiffs and Caterpillar, the Court DENIES IN PART Caterpillar's motion to apply Kansas law. Applying Missouri law to the liability issues, the Court finds that Caterpillar has not shown it is entitled to judgment as a matter of law on two of the four grounds raised, so summary judgment is DENIED IN PART. However, because the remaining grounds may be impacted by the Court's resolution of a *Daubert* issue, the Court withholds ruling on those two grounds until after the *Daubert*

hearing. The Court also ORDERS Caterpillar and Plaintiffs to file supplemental briefing on the three choice-of-law issues highlighted below.

## Undisputed Material Facts[1]

Mr. New was born in Kansas City, Kansas, on April 2, 1947. Since then, he has resided almost exclusively in various communities in Kansas. After graduating high school in 1966, he worked at various automobile part and mechanic shops in Kansas. Mr. New repeatedly ground automobile brake shoes and lathed brake drums using grinders and lathes manufactured by Ammco Tools, Incorporated "(Ammco"), the predecessor-in-interest to Defendant Hennessy Industry, Incorporated. Mr. New alleges that these tasks released asbestos fibers contained in the brake shoes and on the brake drums. From 1968 until 1969, Mr. New was deployed to Vietnam, where he was allegedly exposed to the defoliant Agent Orange. When he returned to Kansas, he again used Ammco lathes and grinders on asbestos-laden brake shoes and drums.

In 1974, Mr. New started working at Dean Machinery Company ("Dean Machinery") in Kanas City, Missouri. Dean Machinery was a licensed Caterpillar heavy equipment dealer, and it maintained a repair shop in Kansas City, Missouri, where Mr. New worked in various capacities from 1974 until 2012. Between 1974 and 1994, Mr. New removed and replaced thousands of Caterpillar gaskets and hundreds of Caterpillar brakes. At least some of these products contained asbestos, and the replacement process released visible dust that contained asbestos fibers. Mr. New estimated that he worked on one engine per week and some engines contained approximately a few hundred gaskets. Mr. New identified the gaskets and brake materials as Caterpillar's because they bore its part numbers and logos.

---

[1] The Court excluded asserted facts that were immaterial to the resolution of the pending motion, asserted facts that were not properly supported by admissible evidence, legal conclusions, and argument presented as an assertion of fact.

2

In 2011, while still employed at Dean Machinery, Mr. New's Kansas-based physician diagnosed him with lung cancer. Mr. New quit working at Dean Machinery on January 28, 2012. At some point after his diagnosis, the Veteran's Administration granted him disability for his lung cancer, prostate cancer, and hearing loss. Mr. New receives $2,875 per month in disability funds.

In March 2014, pathologist James Strauchen, M.D. ("Dr. Strauchen") opined that Mr. New's exposure to asbestos substantially contributed to his lung cancer. There is no evidence on who requested Dr. Strauchen's services.

## Summary Judgment Standard

A moving party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). A party who moves for summary judgment bears the burden of showing that there is no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Once the moving party has satisfied his or her initial burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts" in order to establish a genuine issue of fact sufficient to warrant trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party must set forth specific facts showing there is a genuine issue for trial, *Anderson*, 477 U.S. at 248, but the nonmoving party "cannot create sham issues of fact in an effort to defeat summary judgment." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 402 (8th Cir. 1995) (citation omitted).

When considering a motion for summary judgment, a court must scrutinize the evidence in the light most favorable to the nonmoving party. *Torgerson v. City of Rochester*, 643 F.3d

3

1031, 1042 (8th Cir. 2011) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)). But "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Id.* (quoting *Ricci v. DeStefano*, 557 U.S. 557, 585 (2009)).

**Discussion**

Caterpillar's motions raise two primary issues. First, Caterpillar contends that Kansas law should apply because that state boasts the most significant relationship to the parties and the causes of action. Second, Caterpillar argues that regardless of which state's law applies, it is entitled to summary judgment.

**I. Missouri law applies to the liability issues, but the parties must provide supplemental briefing on the remaining choice-of-law issues.**

The parties dispute which state's law should apply to a variety of issues. Caterpillar contends that Kansas law should apply to liability, comparative fault, joint and several liability, and damages. Plaintiffs argue that Missouri law should govern these issues.

The Court must address each issue separately because a different state's law may apply to different issues in a case, a concept commonly referred to as depecage. *See Thompson ex rel. Thompson v. Crawford*, 833 S.W.2d 868, 870 (Mo. 1992) ("Under *Kennedy v. Dixon* and the Restatement (Second) of Conflict of Laws, the conflict analysis is made *issue by issue* in terms of which state has the most significant relationship to the occurrence and the parties with respect to that particular issue." (emphasis added)); *see also Goede v. Aerojet Gen. Corp.*, 143 S.W.3d 14, 24 (Mo. Ct. App. 2004), *abrogated on other grounds by Sanders v. Ahmed*, 364 S.W.3d 195 (Mo. 2012) ("Under the conflict-of-laws doctrine of *depecage*, different issues in a single case may be decided according to the laws of different states."). The Court first addresses which state's law should govern the determination of Caterpillar's liability.

4

### A. Missouri boasts the most significant relationship to Plaintiffs' claims against Caterpillar.

Since the Court's jurisdiction is founded upon diversity of citizenship, it must apply the choice-of-law principles of the forum state, Missouri. *Eagle Tech. v. Expander Ams., Inc.*, 783 F.3d 1131, 1137 (8th Cir. 2015). Under Missouri choice-of-law principles, the Court must first determine whether there is a conflict between Missouri and Kansas liability law. *See Goede*, 143 S.W.3d at 24.

There is. Under the Kansas Silica and Asbestos Claims Act, to maintain a "civil action" for an asbestos-related cancer, the plaintiff must show that he received "a diagnosis by a competent medical authority that [his] asbestos-related cancer was proximately caused by asbestos exposure." Kan. Stat. Ann. § 60-4902(c)(3). An individual qualifies as a "competent medical authority" if, among other things, he "has or had a doctor-patient relationship with the exposed person, or in the case of a board-certified pathologist, has examined tissue samples or pathological slides of the exposed person at the request of the treating physician…." *Id*. § 60-4901(o)(2). The plaintiff must prove these requirements by submitting a written report with supporting test results within sixty days of filing suit. *Id*. § 60-4903(a). If the plaintiff fails to make this showing, then the Court *must* dismiss the case without prejudice. *Id*. § 60-4903(c). Missouri, however, imposes no such requirements.

Plaintiffs have not shown that Dr. Strauchen qualifies as a "competent medical authority" because there is no evidence that he was Mr. New's treating physician or that he reviewed pathological slides at the request of Mr. New's treating physician. *See id.* § 60-4901(o)(2). This means that Plaintiffs' claims would fail under Kansas law but not under Missouri law. Accordingly, an outcome determinative conflict exists.

5

When a conflict exists between multiple states' tort laws, Missouri law looks to which state has the most significant relationship to the causes of action and the parties by applying § 145 and § 6 of the Restatement (Second) of Conflict of Laws. *See Am. Guarantee & Liab. Ins. Co. v. U.S. Fidelity & Guar. Co.*, 668 F.3d 991, 996-97 (8th Cir. 2012). Section 145 lists four contacts for the Court to consider, including: "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." Restatement (Second) of Conflict of Laws § 145(2)(a)-(d). The Court must apply these contacts with an eye toward quality, not simply quantity, because "[d]ifferent [contacts] may be entitled to more weight in regard to one issue than in regard to another." *Dillard v. Shaughnessy, Fickel & Scott Architects, Inc.*, 943 S.W.2d 711, 715 (Mo. Ct. App. 1997); *see* Restatement (Second) of Conflict of Laws § 145 ("These contacts are to be evaluated according to their relative importance with respect to the particular issue."). In weighing these contacts, the Court must consider the § 6 factors.[2]

Claiming that the state where the injury occurred, the Plaintiffs' residency, and the § 6 factors all favor Kansas, Caterpillar argues that Kansas law should govern liability. Plaintiffs contend that Missouri law should apply because the instant case is nearly identical to *Elmore v. Owens-Illinois*, 673 S.W.2d 434 (Mo. 1984), where the Supreme Court of Missouri applied Missouri law to the liability issues.

---

(a) The needs of the interstate and international systems,
(b) The relevant policies of the forum,
(c) The relevant policies of other interested states and the relative interest of those states in the determination of the particular issue,
(d) The protection of justified expectations,
(e) The basic policies underlying the particular field of law,
(f) Certainty, predictability and uniformity of result, and
(g) Ease in the determination and application of the law to be applied.

Restatement (Second) of Conflict of Laws § 6 (1971).

Since this Court is bound by the Supreme Court of Missouri's decisions if they have directly spoken on an issue, *Kingman v. Dillards*, 643 F.3d 607, 615 (8th Cir. 2011), the Court must determine *Elmore*'s scope and applicability. Arthur Elmore worked as journeyman in the asbestos workers trade from 1943 until 1976. *Elmore*, 673 S.W.2d at 435. From 1948 to 1958, Mr. Elmore came in contact with defendant Owens-Illinois's asbestos-containing product, Kaylo, when he worked for various Kansas City, Missouri-based employers. *Id.* Mr. Elmore was eventually diagnosed with asbestosis in Kansas City, Missouri. *Id.* Although Mr. Elmore and his wife resided in Kansas, they filed suit in Missouri against Owens-Illinois and other defendants. *Id.* at 436-37. After trial, the Supreme Court of Missouri affirmed the trial court's application of Missouri law to the issue of Owens-Illinois's liability. *Id.* Applying § 145, the court gave little weight to Plaintiffs' Kansas residency; rather, it accorded paramount significance to the relationship between the parties. *Id.* The court held that this relationship was centered in Missouri because that it is where Mr. Elmore was exposed to Owens-Illinois's asbestos-containing product. *Id.* at 437.

Here, *Elmore* controls the liability choice-of-law issue. Like Mr. Elmore, Mr. New came in contact with Caterpillar's allegedly asbestos-containing products in Missouri when he worked for Missouri-based Dean Machinery. Thus, the relationship between the parties was centered in Missouri. *See id.* at 437 (noting this is the most important contact with respect to liability in asbestos exposure cases). And similar to *Elmore*, Plaintiffs' Kansas residency does not override the significance of the relationship contact. *See id.* The striking factual resemblance to *Elmore* requires application of Missouri law.

7

Caterpillar contends *Elmore* is distinguishable on several grounds, but only one merits extended consideration.[3] Caterpillar argues that unlike *Elmore*, the injury here occurred in Kansas because that is where Mr. New was diagnosed with lung cancer.

This argument is unavailing because under Missouri law the place of injury in asbestos cases is where the exposure occurs, not where the resultant disease is diagnosed. Although the *Elmore* court did not extensively discuss the place of injury contact, it intimated that the injury occurred in Missouri because that is where Mr. Elmore was *exposed* to asbestos. *See Elmore*, 673 S.W.2d at 437 ("Mr. Elmore's injury was intimately and inextricably involved with his employment."). Indeed, a Missouri appellate court has also identified the injury in *Elmore* as his exposure to asbestos, not his subsequent diagnosis. *See Natalini v. Little*, 185 S.W.3d 239, 245-46 (Mo. Ct. App. 2006) ("Although Elmore was a resident of Kansas, he was employed primarily in Missouri, and most of his *exposure to asbestos, i.e., his injury*, occurred while so employed." (emphasis added) (interpreting *Elmore*, 673 S.W.2d at 437)). Thus, like *Elmore*, the place of injury here was Missouri because that was where Mr. New was exposed to Caterpillar's products.

Caterpillar also cites numerous decisions from other state and federal courts that found that the injury occurs where the plaintiff is diagnosed with an asbestos-related disease, not where he is exposed to asbestos. *See, e.g., Bootenhoff v. Hormel Foods Corp.*, No. CIV-11-1368-D, 2014 WL 3744011, at *4 (W.D. Okla. July 30, 2014) ("Consistent with Oklahoma's accrual analysis, other courts have concluded in the choice-of-law context, that the place of injury is the

---

[3] The remaining bases are immaterial factual difference (i.e., Mr. Elmore had asbestosis while Mr. New has lung cancer) or an attack on the logic of the Supreme Court of Missouri's opinion. Neither of which undermines the controlling nature of *Elmore*. *See M&I Marshall & Ilsley Bank v. Sunrise Farms Dev., LLC*, 737 F.3d 1198, 1202 (8th Cir. 2013) ("Where, as here, the state's highest court has unambiguously articulated state law, the district court must apply it."); *see also Kingman*, 643 F.3d at 615 ("'As a federal court our role in diversity cases is to interpret state law, not fashion it.'" (quoting *Orion Fin. Corp. of S.D. v. Am. Foods Grp., Inc.*, 281 F.3d 733, 738 (8th Cir. 2002)).

8

place where a latent asbestos-related disease is first detected, and not where the exposure occurred."). The Court, however, need not evaluate the persuasiveness of these decisions because the Supreme Court of Missouri has spoken on the place of injury in asbestos exposure cases, and to the extent it has not, *Natalini* is the best evidence of how the Supreme Court of Missouri would decide that issue. *See Washington v. Countrywide Home Loans, Inc.*, 747 F.3d 955, 958 (8th Cir. 2014) ("Decisions from the Missouri Court of Appeals may be the best evidence of Missouri law if the Supreme Court of Missouri has not spoken.").

Since Missouri boasts the most significant relationship to Plaintiffs, Caterpillar, and the causes of action against it, the Court applies Missouri law to the liability issues.

### B. The parties must provide supplemental briefing on the remaining choice-of-law issues.

Aside from the liability issues, Caterpillar claims that other outcome determinative conflicts exist on the issues of comparative fault, joint and several liability, punitive damages, and non-economic damages. Caterpillar's most significant relationship analysis, however, addresses only the liability issues. This is insufficient because the most significant relationship analysis *may* differ depending upon the issue involved. *See Thompson*, 833 S.W.2d at 870 ("Even though we have concluded that the substantive law of Tennessee should control the basic determination of liability in this case, the question of which statute of limitations should control remains."). And the Court is neither required nor inclined to perform legal research for the parties. *Cf. United States v. Guzman-Tiaseca*, 546 F.3d 571, 578 (8th Cir. 2008) ("[W]e note that it is not this court's job to research the law to support an appellant's argument." (quotation marks omitted)).

If Caterpillar still wishes to argue for the application of Kansas law to these remaining issues, it must provide a supplemental brief of not more than fifteen (15) pages that conducts a

9

separate analysis for each issue, and this brief must cite caselaw applying Missouri law. Caterpillar must file any such brief by October 2, 2015. By October 23, 2015, Plaintiffs may file a brief in opposition not to exceed fifteen (15) pages. No further briefing will be permitted. If Caterpillar fails to file a supplemental brief, then the Court will apply Missouri law to the remaining issues.

### II. Caterpillar is not entitled to judgment as a matter of law on two of the four grounds raised in its motion.

Caterpillar raises four grounds for summary judgment: (1) that the Court must dismiss the entire action against it because Plaintiffs failed to comply with the Kansas Silica and Asbestos Claims Act; (2) Plaintiffs are estopped from recovering from Caterpillar because Mr. New already receives disability benefits for his lung cancer from the Veterans Administration; (3) Plaintiffs cannot prove causation on their strict liability and negligence claims because Dr. Strauchen did not account for other potential causes of Mr. New's lung cancer; and (4) Plaintiffs cannot prove causation because they do not have an expert to testify that the levels of asbestos emanating from Caterpillar's products exceeded the permissible limits allowed by the Occupational Health and Safety Administration. The Court addresses each argument below.

#### A. Caterpillar's first ground for relief is moot.

Caterpillar's first basis for summary judgment is predicated on the applicability of Kansas law. Since Missouri law applies, this ground for summary judgment is DENIED.

#### B. Caterpillar has not shown that Mr. New's disability benefits preclude recovery.

Caterpillar argues that Mr. New's receipt of disability benefits from the Veteran's Administration is based upon a finding that his lung cancer was caused by his exposure to Agent Orange. Caterpillar reasons that this equates to a finding that the United States, not Caterpillar,

is responsible for Mr. New's lung cancer. As such, Caterpillar concludes that Mr. New should be estopped from recovering a second time for this injury.

Under Missouri law, "a party cannot be compensated for the same injury twice." *Ozark Air Lines, Inc. v. Valley Oil Co., L.L.C.*, 239 S.W.3d 140, 147 (Mo. Ct. App. 2007) (internal quotation marks omitted). The purpose of the rule is to prevent a plaintiff from recovering more than the damages he actually sustained. *See Russell v. Farmers & Merchs. Ins. Co.*, 834 S.W.2d 209, 220 (Mo. Ct. App. 1992). But Caterpillar has failed to show this principle should apply here for several reasons. First, it has not cited a single Missouri case applying this rule to a plaintiff's prior recovery of disability benefits. Second, it has not shown that Mr. New's disability payments are for the same injury that he is alleging here. To the contrary, Mr. New is receiving disability for prostate cancer, hearing loss, *and* lung cancer. Third, even assuming that the injury is the same, Caterpillar has not demonstrated that Mr. New's monthly disability checks satisfy all of his sustained damages.

Simply put, Caterpillar has fallen well short of showing that Mr. New's receipt of disability benefits precludes him from maintaining this lawsuit. This basis for summary judgment is DENIED.

### C. The Court withholds ruling upon the remaining two grounds until after it resolves the *Daubert* issues related to Dr. Strauchen's testimony.

Caterpillar's remaining two grounds challenge Plaintiffs' ability to prove causation for their strict products liability and negligence claims. These challenges—and Plaintiffs' ability to survive them—hinge in part upon the admissibility of Dr. Strauchen's testimony. Dr. Strauchen, however, is currently subject to a *Daubert* challenge that requires a hearing. Depending upon the evidence at the hearing, his testimony *may* be limited or completely excluded. If that happens, then some of Plaintiffs' claims *might* be precluded as a matter of law. *See Hagen v. Celotex*

*Corp.*, 816 S.W.2d 667, 670 (Mo. 1991) ("The plaintiffs, in order to recover against any defendant, must establish that that defendant's products directly contributed to the death….In a case of this kind the plaintiff must establish the causal relationship by expert testimony."). The Court will thus withhold ruling upon the remaining two grounds until after it decides whether, and to what extent, Dr. Strauchen will be permitted to testify. Depending on its *Daubert* ruling, the Court may request supplemental summary judgment briefing.

## Conclusion

For the foregoing reasons, Caterpillar's motion to apply Kansas law (Doc. 146) is DENIED IN PART and its motion for summary judgment (Doc. 144) is DENIED IN PART. If Caterpillar believes that Kansas law should apply to the remaining issues noted above in I.B., it must file a supplemental brief by October 2, 2015. If Plaintiffs choose to respond, they must do so by October 23, 2015. No further briefing will be permitted. The Court withholds ruling upon Caterpillar's causation arguments until after it decides the *Daubert* issues with respect to Dr. Strauchen.

**IT IS SO ORDERED.**

Date: September 3, 2015            /s/ Greg Kays
                                   GREG KAYS, CHIEF JUDGE
                                   UNITED STATES DISTRICT COURT