IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JOHN NEW and ) | | |
| BETH NEW, ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | No. 13-00675-CV-W-DGK | |
| ) | | |
| BORG-WARNER CORPORATION, et. al., ) | | |
| ) | | |
| Defendants. ) | | |

## ORDER RULING ON MOTIONS IN LIMINE

This case involves claims of asbestos exposure. Plaintiffs John and Beth New allege that John New ("Mr. New") contracted lung cancer after being exposed to asbestos while working at various businesses in Kansas and Missouri. Plaintiffs filed a lawsuit in Jackson County, Missouri, against the defendants that manufactured the offending products. Defendant Ford Motor Company removed the case to this Court.

Now before the Court are Defendant Caterpillar Incorporated's ("Caterpillar") motions in limine (Docs. 189-213). Since Plaintiffs do not contest Caterpillar's arguments with respect to certain pieces of evidence, those motions (Docs. 197, 199-200, 203, 209) are GRANTED. Because two motions (Docs. 206, 213) make a request beyond the scope of motions in limine or are mooted by the Court's other rulings, they are DENIED. For the reasons discussed below, the remaining motions (Docs. 189-196, 198, 201-02, 204-05, 207-08, 210-12) are DENIED WITHOUT PREJUDICE but may be refiled in accordance with the below specifications.

**Discussion**

**I. The uncontested motions in limine are granted and Plaintiffs are prohibited from presenting evidence or arguments highlighted in these motions.**

Plaintiffs do not oppose five of Caterpillar's motions in limine (Docs. 197, 199-200, 203, 209). Accordingly, those motions are GRANTED and the Court orders as follows: (1) Plaintiffs shall not refer to Caterpillar's insurance status or ability to pay a judgment from insurance; (2) all non-party witnesses are prohibited from being in the courtroom, except for when they are testifying; (3) Plaintiffs shall not refer to the cross-claims by the co-defendants in this case; (4) Plaintiffs shall not suggest that their family members may have contracted any asbestos-related disease based upon Mr. New's alleged exposure to asbestos; and (5) Plaintiffs shall not comment on the amount of money or time spent by Caterpillar in defending this matter.

**II. Two motions in limine are denied because one is beyond the scope of motions in limine and the other is moot.**

Caterpillar seeks a court order requiring each party to produce documentary and other demonstrative evidence to the opposing party within twenty-four hours of its presentation. Caterpillar argues that such an order would streamline the presentation of evidence at trial. Since this request deals with courtroom procedure, rather than the admissibility of evidence, the Court finds that this is not a proper subject for a motion in limine. The parties are welcome to exchange documents in the above manner—which Plaintiffs intimate they are amenable to—but the Court will not order them to do so. Accordingly, this motion (Doc. 206) is DENIED.

Caterpillar's next motion in limine (Doc. 213) attempts to incorporate all motions in limine filed by former Co-Defendant Hennessy Industries, Incorporated. But because the Court previously dismissed all claims against Hennessy, those motions were denied as moot. Therefore, Caterpillar's motion to join (Doc. 213) must also be DENIED AS MOOT.

Even if Hennessy was still a party, the Court would deny Caterpillar's motion for lack of specificity because Caterpillar never explains how the various arguments raised by Hennessy in its twenty-eight motions in limine apply with equal force to the evidence presented against Caterpillar. Rather, Caterpillar simply incorporates Hennessy's arguments by reference and expects the Court or Plaintiffs to assimilate those arguments to Caterpillar's factual circumstances. This is not acceptable. If Caterpillar wishes to adopt any of Hennessy's arguments from these motions, then Caterpillar must specifically make them—not merely incorporate them by reference—in any future motions.

### III. The remaining motions are denied without prejudice but may be refiled in advance of the rescheduled pretrial conference.

Caterpillar's remaining motions seek exclusion of discrete pieces of evidence or argument. Plaintiffs only provide conclusory responses without any citation to caselaw. Plaintiffs also repeatedly respond: "Plaintiffs intend to follow the Rules of Evidence and evidentiary rulings made by the Court. However, these rulings cannot be made at this time in a factual vacuum." Plaintiffs attribute their lack of specificity to an inadequate amount of time to respond stemming from their confusion about the response deadline: The automated deadline function on ECF set the response deadlines for "[August 28, 2015] unless otherwise directed by the court," but the scheduling order set the deadline for August 18, 2015. According to Plaintiffs, they relied upon the ECF deadline and only realized the scheduling order deadline when the Court informed them that they had passed it (Doc. 247).

The Court holds that the conflicting dates do not excuse Plaintiffs' inadequate responses. Rather than filing cursory responses and "request[ing] the opportunity to argue, as appropriate, orally at the time of hearing" (Doc. 248 at 3), Plaintiffs should have moved for an extension of time to file its responses. Nevertheless, because the Court has postponed the pretrial conference

and trial, the proper course is to deny the motions without prejudice but allow Caterpillar to refile closer to the new trial date. This will ensure that the Court has sufficient information to rule upon the various, complex evidentiary issues *prior to* trial.

The parties must adhere to the following terms in filing future motions in limine. By October 20, 2015, each party may file **one document** containing all motions in limine. Responses to the motions in limine shall be filed by November 3, 2015. If the parties wish to file reply briefs, they must do so by November 10, 2015. These deadlines supersede any contrary deadlines contained in the scheduling order. In briefing these issues, the Court reminds the parties to cite supporting law and give factual context for the motions and responses.

## Conclusion

For the foregoing reasons, the Court GRANTS five of Caterpillar's motions (Docs. 197, 199-200, 203, 209) and DENIES two of them (Docs. 206, 213). The remaining motions (Docs. 189-196, 198, 201-02, 204-05, 207-08, 210-12) are DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Date:   September 4, 2015                  /s/ Greg Kays
                 GREG KAYS, CHIEF JUDGE
                 UNITED STATES DISTRICT COURT